UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVIDA SCHUMAN,            ) | Civil Action No: |
|          Plaintiff,     ) | 2:19-cv-20413-WJM-MF |
|                ) | |
|     v.                ) | Returnable: March 2, 2020 |
|                ) | |
| KEAN UNIVERSITY, ET AL.,    ) | |
|                ) | |
|                ) | |
|         Defendants.    ) | |
|                ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6)**

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112
Attorney for Defendants

Rimma Razhba
Deputy Attorney General
On the Brief

## TABLE OF CONTENTS

PAGE No.

I.    PRELIMINARY STATEMENT.....................................1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY...............2

III.  STANDARD OF REVIEW .....................................5

IV.   ARGUMENT

POINT I: PLAINTIFF'S COMPLAINT MUST BE DISMISSED AGAINST
ALL DEFENDANTS BASED UPON STATE SOVEREIGN IMMUNITY AND
BECAUSE STATE AGENCIES ARE NOT "PERSONS" AMENABLE TO SUIT
UNDER 42 U.S.C. §1983 ......................................7

    A. PLANITIFF'S  CLAIMS  ARE  BARRED  BY  THE  ELEVENTH
       AMENDMENT..........................................7
       1. THE STATUS UNDER STATE LAW FACTOR ..............11
       2. AUTONOMY FACTOR ................................13
       3. FUNDING FACTOR .................................14

    B. PLAINTIFF'S  CLAIMS  AGAINST  KEAN  MUST  BE  DISMISSED
       BECAUSE IT IS NOT A "PERSON" AMENDABLE TO SUIT UNDER
       42 U.S.C. §1983 ...................................16

POINT II: THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
IMMUNITY AND THE CONSTITUTIONAL CLAIMS AGAINST THEM IN THEIR
INDIVIDUAL CAPACITIES MUST BE DISMISSED.....................17

POINT III: PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED ON
THE YOUNGER ABSTENTION DOCTRINE.............................22

CONCLUSION .................................................26

## TABLE OF AUTHORITIES

Page No.

### FEDERAL CASES

Anderson v. Creighton, 483 U.S. 635 (1987) ...................17

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...................5,6,19

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...........5,6

Benn v. First Judicial Dist., 426 F.3d 233

(3d Cir. 2005) ...........................................9

Board of Trustees of the University of Alabama v. Garrett,

531 U.S. 356 (2001) ......................................7

Bowers v. The National Collegiate Athletic Ass'n., 475 F.3d 524

(3d Cir. 2007) ..........................................15

Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256

(3d Cir. 2006) ...........................................5

Capogrosso v. Supreme Court of N.J., 588 F.3d 180

(3d Cir. 2009) ..........................................16

Cooper v. Southeaster Penna. Transp. Auth., 548 F.3d 296

(3d Cir. 2008) ..........................................10

Crawford v. Richard Stockton State College, Civil Action No. 90-
1230 (D.N.J. Sept. 26, 1990) (Gerry, C.J.) ...................11

Edelman v. Jordan, 415 U.S. 651(1974) ......................8,9

Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655

(3d Cir. 1989) .......................................10,11

Florida Dept. of Health v. Florida Nursing Home Association, 450 U.S. 147 (1981) ......................................... 9

Gould Electronics, Inc. v. United States, 220 F.3d 169 (3d Cir. 2000) ......................................... 6

Harlow v. Fitzgerald, 457 U.S. 800(1982) ..................... 17

Kashani v. Purdue Univ., 813 F.2d 843(7th Cir. 1987) ....... 10,15

Kimel v. Florida Bd. Of Regents, 528 U.S. 62 (2000) .......... 7

Kovats v. Rutgers, The State University, 822 F.2d 1303 (3d Cir. 1987) ......................................... 9

Lavia v. Pennsylvania Dept. of Corrections, 224 F.3d 190(3d Cir. 2000) ......................................... 7

Maliandi v. Montclair State University, 845 F.3d 77 (3d Cir. 2016) ......................................... 12,13,14,16

McCauley v. Univ. of the Virgin Islands, 618 F.3d 232 (3d Cir. 2010) ......................................... 15

Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993) ................. 5

Nannay v. Rowan College, 101 F. Supp. 2d 272  (D.N.J. 2000) ......................................... 12,15

O'Neill v. City of Philadelphia, 32 F.3d 785 (3d Cir. 1994) ......................................... 23,24

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984) ......................................... 8

Perry v. Gold and Laine, P.C., 371 F. Supp. 2d 622 (D.N.J. 2005) ......................................... 6

Polk County v. Dodson, 454 U.S. 312 (1981) ....................18

Raygor v. Regents of the Univ. of Minn., 534 U.S. 533,

   (2002) ........................................................9

Rehberg v. Glassboro State College, 745 F. Supp. 1113

   (D.N.J. 1990) .........................................11,12,15

Rode v. Dellaraprete, 845 F.2d 1194

   (3d Cir. 1988) ..............................................18

Ruffin v. Beal, 468 F. Supp. 482 (E.D. Pa 1978) .............19

Scheuer v. Rhodes, 416 U.S. 232 (1973) .....................18

State of New Jersey, Dep't. of Evntl. Prot. v. Gloucester Envtl.

Mgmt. Servs., Inc., 923 F. Supp. 651 (D.N.J. 1995) ........11,12

Younger v. Harris, 401 U.S. 37 (1971) ....................22,23

### STATE CASES

Delbridge v. Schaeffer, 238 N.J. Super. 323

   (Law Div. 1989) ............................................19

Morgan v. Union Cty. Bd. Of Chosen Freeholders, 268 N.J. Super.

   337(App. Div. 1993) ........................................18

N.J. Educ. Facilities Auth. V. The Conditioning Company, 567

A.2d 1013 (App. Div. 1989) ..................................10

Schneider v. Simoni, 163 N.J. 336(2000) ....................17

### FEDERAL STATUTES

42 U.S.C. §1983 .......................................7, 16, 18, 19

## NEW JERSEY STATUTES

N.J.S.A. 52:14B-1 et seq ........................................ 11

N.J.S.A. 59:1-1 et seq .......................................... 11

N.J.S.A. 59:13-1 et seq ......................................... 11

N.J.S.A. 18A:64-6(l) ............................................ 11

N.J.S.A. 18A:64-6 ............................................... 12

N.J.S.A. 18A:3B-6 ............................................... 12

N.J.S.A. 54:32B-1 et seq ........................................ 11

N.J.S.A. 54:4-3.6 ............................................... 12

N.J.S.A. 59:1-1 et seq. ......................................... 11

N.J.S.A. 52:14B-2 ............................................... 12

N.J.S.A. 18A:3B-6 ............................................... 12

N.J.S.A. 11A:1-1 et seq. ........................................ 12

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) ...................................... 1,6

Fed. R. Civ. P. 12(b)(6) ...................................... 1,5

## OTHER

P.L. 2019 c. 150 ............................................... 14

## PRELIMINARY STATEMENT

Plaintiff Davida Schuman brings this lawsuit against Defendant Kean University and individual defendants Dawood Farahi, Jeffrey Toney, Kenneth Green, Corey Vigdor and Bridie Chapman (all employees of Kean University) in their official and individual capacities.  Plaintiff alleges that Defendants violated her procedural and substantive due process rights under the Fourteenth Amendment and her rights under the First Amendment.  Plaintiff also alleges that the New Jersey State Policy Prohibiting Discrimination in the Workplace is unconstitutional.

It is respectfully requested that the Court dismiss the Plaintiff's Complaint with prejudice against all Defendants pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6).  First, Plaintiff's Complaint should be dismissed based upon state sovereign immunity, as Kean University and the state Defendants in their official capacities are arms of the state. Moreover, the state is not a "person" under Section 1983. Plaintiff's Complaint should also be dismissed against the state Defendants in their individual capacities because they are entitled to qualified immunity.  Finally, the Court should abstain from hearing this case based on the Younger abstention doctrine.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff is a professor at Kean University. (Complaint at ¶ 4). In August 2018, after an internal investigation of a complaint filed against Schuman by another Kean professor was concluded, Kean issued a final determination that Plaintiff violated the New Jersey State Policy Prohibiting Discrimination in the Workplace ("Policy"). (Complaint at ¶ 12, 16, 17).

Plaintiff filed an appeal of the final determination with the New Jersey Civil Service Commission ("CSC"). (Complaint at ¶ 18). On October 1, 2018, the CSC dismissed the appeal based on lack of jurisdiction. (Complaint at ¶ 19). On November 1, 2018, Plaintiff filed a motion for reconsideration of the CSC's decision, which was denied on or about January 2, 2019. (Complaint at ¶ 20, 21).

On January 14, 2019, Kean assigned Plaintiff to a non-teaching assignment for the Spring 2019 semester. (Complaint at ¶ 22). Plaintiff alleges that the non-teaching assignment deprived her of the opportunity to apply for other teaching assignments for which she would have earned additional income. (Complaint at ¶ 24).

On January 15, 2019, Kean's Director of Human Resources issued a letter to Plaintiff disciplining her for violation

of the Policy and for conduct unbecoming. (Complaint at ¶ 23). Plaintiff's discipline consisted of an official written reprimand and mandatory completion of an Affirmative Action program training. <u>Ibid.</u>

Plaintiff subsequently filed two appeals with the Superior Court of New Jersey, Appellate Division, which were both consolidated and are presently pending. (Defendants' Certification in Support of Motion, Ex. A).

In August 2019, Kean assigned Plaintiff to a non-teaching assignment for the Fall 2019 semester. (Complaint at ¶ 32). Plaintiff alleges that the second non-teaching assignment also violated her procedural and substantive due process rights. (Complaint at ¶ 59).

Plaintiff filed her Appellate Brief with the Appellate Division on November 18, 2019. (Defendants' Cert., Ex. A). In her brief, Plaintiff argues, among other things, that the Policy is facially unconstitutional and as applied to Plaintiff under the First Amendment, and that all disciplinary actions against her related to violation of the Policy (including the non-teaching assignment) should be rescinded pursuant to 42 U.S.C. 1983 as they violated her free speech and due process rights. <u>Ibid.</u> Plaintiff also argues in her Appellate case that the non-teaching assignment violates the New Jersey Teacher Tenure Act. <u>Ibid.</u>

3

On the same date that Plaintiff filed her Appellate Brief, November 18, 2019, Plaintiff filed the instant complaint in this Court. Plaintiff alleges in this lawsuit that the Policy is facially unconstitutional. (Complaint at ¶ 66). Plaintiff further alleges that because the Policy is unconstitutional, Plaintiff cannot be deemed to have violated the Policy, and that Defendants therefore violated her rights under the First Amendment. (Complaint at ¶ 68, 69). Plaintiff also alleges that Defendants violated her procedural due process rights under the Fourteenth Amendment by assigning her to non-teaching assignments and by denying her an opportunity for a hearing to defend herself. (Complaint, Count II). Plaintiff further alleges that Kean's assignment of the non-teaching assignments violated her substantive due process rights under the Fourteenth Amendment and her procedural due process rights under the New Jersey Teacher Tenure Act. (Complaint, Counts III and IV).

## STANDARD OF REVIEW

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). In the context of a Rule 12(b)(6) motion, a court may consider only the allegations in the complaint, any exhibits attached to the complaint, matters of public record, items subject to judicial notice, and documents that form the basis of the claim. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). The court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiffs. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). However, the complaint should be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, to survive a motion to dismiss, the complaint must offer more

5

than "a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555.   The "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  Iqbal, 556 U.S. at 678.   Therefore, in deciding a motion pursuant to Rule 12(b)(6), a court "can and should reject 'legal conclusions,' 'unsupported conclusions,' 'unwarranted references,' 'unwarranted deductions,' 'footless conclusions of law,' and 'sweeping legal conclusions in the form of actual allegations.'"  Perry v. Gold and Laine, P.C., 371 F. Supp. 2d 622, 626 (D.N.J. 2005) (quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 907, n.8 (3d Cir. 1997)).  As articulated below, Plaintiff's complaint cannot survive this standard of review.

The same standard of review applies to a motion seeking dismissal of the complaint based upon a facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).   In deciding a facial challenge to jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and

attached thereto, in the light most favorable to the plaintiff." Ibid.  In this case, application of these legal principles supports dismissal of Plaintiff's complaint.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED AGAINST ALL DEFENDANTS BASED UPON STATE SOVEREIGN IMMUNITY AND BECAUSE STATE AGENCIES ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. §1983.**

The Complaint must be dismissed because Plaintiff's claims are barred by the Eleventh Amendment, and because state agencies are not "persons" under Section 1983.

### A.    Plaintiff's Claims are Barred by the Eleventh Amendment.

Under the Eleventh Amendment, states are generally immune from suit by private parties in federal court.  Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001); Lavia v. Pennsylvania Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000).  See also Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000)("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against non-consenting States.")

Specifically, the Eleventh Amendment provides as follows:

> The judicial power of the Unites States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The grant of federal judicial authority in Article III of the Constitution is thus limited by the doctrine of sovereign immunity expressed in the Eleventh Amendment.

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given*[.]
>
> [Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984) (emphasis in original)]

Therefore, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

A state may waive its Eleventh Amendment immunity and consent to suit in federal court, but such consent must "be unequivocally expressed." Pennhurst, 465 U.S. at 99. The Supreme Court also has consistently held that a waiver by a

State of its sovereign immunity in its own courts does not constitute a waiver of the Eleventh Amendment immunity in federal courts. Id. at 99, n.9; Florida Dept. of Health v. Florida Nursing Home Association, 450 U.S. 147, 150 (1981). Accordingly, absent an explicit waiver of Eleventh Amendment immunity, a state may not be sued in federal courts. Edelman, 415 U.S. at 673.

Immunity from suit also extends to agencies, departments and officials of the state when the state is the real party in interest. Benn v. First Judicial Dist., 426 F.3d 233, 239 (3d Cir. 2005). Defendant Kean University is an arm of the State of New Jersey and is therefore immune from this suit under the Eleventh Amendment. Furthermore, "[T]he Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court."). Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540-41 (2002).

"The majority of cases addressing the question of Eleventh Amendment immunity for public colleges and universities have found such institutions to be arms of their respective states and thus immune from suit." Kovats v. Rutgers, The State University, 822 F.2d 1303, 1312 (3d Cir. 1987) (citing Hall v. Medical College of Ohio at Toledo, 742 F.2d 299, 301-02 (6th Cir. 1984)) (citations omitted). New

9

Jersey law expressly recognizes that New Jersey State Colleges, including Kean University, exercise government powers and perform government functions. N.J. Educ. Facilities Auth. v. The Conditioning Company, 567 A.2d 1013, 1018 (App. Div. 1989), ("As part of the state government, state colleges exercise essential government powers and perform basic government functions.") (citations omitted), aff'd in part, rev'd on other grounds, 592 A.2d 559, 561-62 (N.J. 1991) ("[T]he Appellate Division concluded, and we agree, that the function involved is governmental."). "[G]iven the great number of cases holding state universities to be instrumentalities of the state for Eleventh Amendment purposes, it would be an unusual state university that would not receive immunity." Kashani v. Purdue Univ., 813 F.2d 843, 845 (7th Cir. 1987).

To determine whether a suit against a state entity is a suit against the state, the Court is to consider the following factors: 1) the status of the agency under state law, 2) the agency's degree of autonomy and 3) whether the money that would pay the judgment would come from the state. Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989). All three factors carry the same weight and are to be considered as co-equals. Cooper v. Southeastern Penna. Transp. Auth., 548 F.3d 296, 301-302. (3d Cir. 2008).

10

### 1. The Status Under State Law Factor

The "status under state law" factor weighs heavily in favor of finding that Kean University is an arm of the state. It turns on facts such as whether the University:  1) has the power of eminent domain, 2) is separately incorporated, 3) has the power to sue and be sued, 4) has the power to enter contracts, and 5) is subject to the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the New Jersey Contractual Liability Act, N.J.S.A. 59:13-1 et seq.  Rehberg v. Glassboro State College, 745 F. Supp. 1113, 1116 (D.N.J. 1990).  See also Fitchik, 873 F.2d at 659 (describing this prong as considering "how state law treats the agency generally, whether the entity is separately incorporated, whether the agency can sue and be sued in its own right, and whether it is immune from state taxation.").

The relevant facts support a finding that Kean University is an arm of the State.  State colleges, including Kean University, "have the power of eminent domain, a hallmark of state sovereignty."  State of New Jersey, Dep't of Envtl. Prot. v. Gloucester Envtl. Mgmt. Servs., Inc., 923 F. Supp. 651, 658 (D.N.J. 1995) (citing N.J.S.A. 18A:64-6(1) and Crawford v. Richard Stockton State College, Civil Action No. 90-1230 (D.N.J. Sept. 26, 1990) (Gerry, C.J.)).

11

Additionally, Kean University is not separately incorporated, does not have the power to sue and be sued, and is exempt from sales and property tax.  See N.J.S.A. 18A:64-6, 18A:3B-6, 54:32B-1 et seq., 54:4-3.6.  Furthermore, Kean University is subject to the State College Contracts Law, the New Jersey Tort Claims Act and the New Jersey Contractual Liability Act.  It is a "state agency" within the definition of the Administrative Procedure Act, N.J.S.A. 52:14B-2(a), the governing board must determine certain controversies and disputes in conformance with the Administrative Procedure Act, N.J.S.A. 18A:3B-6(f), and the governing board's final decisions are directly appealable to the Appellate Division.  Ibid.  Moreover, Kean University is subject to the Civil Service Laws.  N.J.S.A. 11A:1-1 et seq.  Thus, this factor weighs heavily in favor of the application of sovereign immunity, as has been found by several courts.  See, e.g., Nannay v. Rowan College, 101 F. Supp. 2d 272, 284 (D.N.J. 2000); Gloucester Envtl. Mgmt. Servs., Inc., 923 F. Supp. at 658-59; Rehberg, 745 F. Supp. at 1116.

The recent decision in Maliandi v. Montclair State Univ., 845 F.3d 77 (3d Cir. 2016), in which the Court held that Montclair State University is an arm of the State of New Jersey and is entitled to sovereign immunity, is directly on point and controlling.  In Maliandi, the Court found that the

"status under state law" factor weighed in favor of immunity for Montclair, because Montclair cannot sue or be sued in its own name, is immune from state taxes, can exercise the power of eminent domain and is subject to New Jersey administrative procedure and civil service laws. <u>Maliandi</u>, 845 F.3d at 96.

Kean University is a New Jersey state college much like Montclair State University, subject to the same laws and governance. For the same reasons argued above and set forth in Maliandi, the status under state law factor weighs heavily in favor of Kean.

### 2. Autonomy Factor

The "autonomy" factor also weighs heavily in favor of finding that Kean University is an arm of the state entitled to sovereign immunity.  In <u>Maliandi</u>, the Court found that the autonomy factor favored immunity as to Montclair for the following reasons: 1) all members of the Board of Trustees are appointed by the Governor and confirmed by the State Senate for six year terms, 2) The Governor is vested with the sole power to collectively bargain on behalf of college employees, 3) the Secretary of Higher Education, a member of the Governor's cabinet, has authority to issue master plans for higher education in the state, license and accredit the institutions, impose ethics rules, approve academic programs, review budget requests and issue certain regulations, 4) the

Secretary may also visit a school at any time to review its financials and compliance with appropriate laws, 5) the state colleges are required to spend their budgets in accordance with the general provisions of the state budget and appropriations, 6) the state colleges are subjected to the Administrative Procedure Act, the State College Contracts Law and the civil service laws, 7) the state colleges must comply with certain limitations on their ability to make deposits in financial institutions, and 8) the state colleges are subject to significant reporting requirements.  Maliandi at 97-98.

All of the above factors apply to Kean University as well.  Therefore, pursuant to Maliandi, the autonomy factor weighs in favor of sovereign immunity.

### 3. Funding Factor

The Legislature annually appropriates substantial State funds to the state colleges, including Kean University.  See, e.g., P.L.2019 c.150.  Therefore, State funds will inevitably be paid to satisfy judgments against state colleges. Moreover, a detrimental judgment against Kean would affect its financial well-being and stability, which in turn could affect the State because the State's financial statements account for the University.  Thus, even if the state treasury is not legally obligated to pay it, a judgment against the University could negatively impact on the state treasury.

14

See Kashani, 813 F.2d at 846 (holding that judgment against university would affect the state treasury where university is dependent on state appropriations even though "the state treasury would not write out a check").

Even assuming this factor does not weigh in favor of immunity, Kean University is nevertheless entitled to immunity because the other two factors weigh heavily in favor of finding it is an arm of the State. See, e.g., McCauley v. Univ. of the Virgin Islands, 618 F.3d 232, 240 (3d Cir. 2010) (affirming public university's entitlement to Eleventh Amendment immunity where "two of the three factors weighed in favor of [the university] being an arm of the Territory: [the university's] status under Virgin Islands law and its level of autonomy."); Bowers v. The National Collegiate Athletic Ass'n, 475 F.3d 524, 549-50 (3d Cir. 2007) (finding state university to be entitled to Eleventh Amendment immunity because the "status under state law" and "autonomy" factors weighed in favor of finding the university to be an arm of the state); see also Nannay, 101 F. Supp. 2d at 284 (finding entitlement to Eleventh Amendment immunity despite predominance of funding factor); Rehberg, 745 F. Supp. at 1116 (same).

In summary, when balancing the Fitchik factors it is abundantly clear that Kean University is immune from suit in

federal court.  See Maliandi, 845 F.3d at 99.  Accordingly, because Kean University is an arm of the State of New Jersey, the present lawsuit must be dismissed against Kean with prejudice.

Moreover, it is well established that individual state employees sued in their official capacities are also immune from claims for damages by the Eleventh Amendment.  Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009). Accordingly, Plaintiff's complaint must also be dismissed with prejudice against all of the individual state defendants, as they are all being sued in their official capacities.

>   B.  **Plaintiff's Claims Against Kean Must Be Dismissed Because It Is Not a "Person" Amenable to Suit Under 42 U.S.C. §1983.**

Plaintiff's Section 1983 claims against Kean must also be dismissed because it is not subject to liability under the statute.  42 U.S.C. § 1983, provides that:

>   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to be deprived of any rights, privileges, or immunities secured by the Constitution or laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

16

Kean University is a State agency, not a "person." Accordingly, plaintiff's claims brought pursuant to 42 U.S.C. §1983 should also be dismissed as Kean is not subject to liability under this statute.

POINT II

**THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AND THE CONSTITUTIONAL CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES MUST BE DISMISSED**

To the extent that Plaintiff is suing the Defendants in their individual capacities, the individual Defendants are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A right is "clearly established" when it is sufficiently clear that a reasonable official would understand that his or her act violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

If the official did not violate clearly established constitutional or statutory law, he or she would have immunity. Schneider v. Simonini, 163 N.J. 336, 354 (2000).

17

Thus, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Morgan v. Union Cty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 362 (App. Div. 1993).

Moreover, Section 1983 is not the vehicle for disputing the wisdom of every decision made by a public official: "implicit in the idea that officials have some immunity . . . for their acts, is the recognition that they may err. The concept of immunity assumes that it is better to risk some error and possible injury from such error than not to decide or act at all." Scheuer v. Rhodes, 416 U.S. 232, 241-242 (1973).

Under Section 1983, it is well established that liability cannot be predicated solely upon a theory of respondeat superior. See Polk County v. Dodson, 454 U.S. 312, 325, (1981). In Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988), the court explained:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> Id. at 1207 (citations omitted).

To state a claim under Section 1983, the complaint must allege specific conduct by a state official which violates a constitutional right of plaintiff. <u>Ruffin v. Beal</u>, 468 F.Supp. 482, 490 (E.D. Pa 1978). Personal involvement is a necessary element of a Section 1983 claim, and a superior official is not liable for the acts of his subordinates, merely on the basis of that relationship. <u>See Delbridge v. Schaeffer</u>, 238 N.J. Super. 323, 357 (Law Div. 1989).

Because vicarious liability does not apply to Section 1983 claims, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.

At the outset, Plaintiff's allegation against Defendant Farahi, is limited to the following: "[u]pon information and belief, the decision to give Plaintiff a second non-teaching assignment was authorized by Defendant Farahi." (Complaint at ¶ 33). There is no allegation of personal involvement by Defendant Farahi; rather Plaintiff's one allegation appears to be based upon a theory of respondeat superior. As such, Plaintiff has failed to state any claims against Defendant Farahi in his individual capacity, and all claims against Defendant Farahi should accordingly be dismissed.

19

Plaintiff's allegations as to Defendant Vigdor, Acting Associate Dean at the School of Online Learning, consist of: 1) Defendant Vigdor sent her an e-mail with instructions pertaining to an online course that Plaintiff was required to take and 2) After Plaintiff emailed Vigdor indicating that she was having difficulty following the instructions, Defendant Vigdor wrote back and directed Plaintiff to bring her inquiries to Defendant Toney. (Complaint at ¶ 42-43). These two allegations do not in any way state claims of constitutional violations. Accordingly, Plaintiff's claims against Defendant Vigdor should be dismissed.

Likewise, Plaintiff's claims against Defendant Chapman, her instructor for the online course, are that Defendant Chapman gave her a zero on her assignments and gave her a failing grade for the course. (Complaint at ¶ 53, 58). These allegations also do not state actionable claims under the First Amendment, Fourteenth Amendment, or the New Jersey Teacher Tenure Act. Accordingly, Plaintiff's claims against Defendant Chapman should be dismissed.

As to Defendants Green and Toney, Plaintiff's allegations consist of actions taken by these Defendants while performing discretionary functions within the scope of their job duties. Defendant Green is the Chief Labor Counsel for Kean. Plaintiff's allegations against Defendant Green

20

include that he allegedly did not release confidential information regarding Plaintiff's affirmative action training to her Union, absent Plaintiff signing a release. (Complaint at ¶ 27). Plaintiff then acknowledges that she refused to sign the release. (Complaint at ¶ 29). Plaintiff's allegations against Green also consist of his denial of a grievance filed by Plaintiff's Union on her behalf. (Complaint at ¶ 30, 31, 41, 48, 52). These allegations do not state viable claims of Section 1983 violations against Defendant Green in his individual capacity, and therefore should be dismissed.

Plaintiff's allegations against Defendant Toney, the Provost of Kean, are similarly based upon actions that Defendant Toney allegedly took while performing discretionary functions within the scope of his job duties, such as sending Plaintiff a letter advising her of her non-teaching assignments, providing deadlines by which Plaintiff had to complete research assignments, and directing her to complete an online course. (Complaint at ¶ 22, 34, 35, 40). Again, these allegations do not state viable claims of Section 1983 violations against Defendant Toney in his individual capacity, and therefore should be dismissed.

Thus, Plaintiff's allegations against each of the State Defendants amount to her dissatisfaction with certain actions

taken by these Defendants while performing their usual job functions.   Plaintiff's complaint does not establish that these individual Defendants engaged in discriminatory conduct in violation of Plaintiff's constitutional rights.   For the aforementioned reasons, Plaintiff's claims against all of the individual State Defendants in their individual capacities should be dismissed with prejudice as Plaintiff has failed to plead specific, knowing conduct by these state officials which violated Plaintiff's clearly established constitutional rights.

**POINT III**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED ON THE YOUNGER ABSTENTION DOCTRINE**

Pursuant to the Supreme Court's ruling in Younger v. Harris, 401 U.S. 37 (1971), federal courts are required to refrain from exercising jurisdiction over matters before them that would interfere in an ongoing state proceeding concerning a substantial state interest, in which the plaintiff is able to adequately raise her claims.   Where a federal plaintiff seeks to inject a federal court into such a state proceeding, Younger holds that, in the absence of extraordinary circumstances justifying intrusion, abstention is warranted.   Id. at 54.

As the Younger Court explained, the abstention doctrine

was born from:

> a notion of comity, that is, a proper
> respect for the state functions, a
> recognition of the fact that the entire
> country is made up of a Union of separate
> state governments, and a continuance of
> the belief that the national Government
> will fare best if the States and their
> institutions are left free to perform
> their separate functions in their
> separate ways.

> Id. at 44.

While the Younger doctrine requires abstention where there are ongoing state court proceedings, it also requires abstention where a plaintiff did not exhaust his or her state court remedies. O'Neill v. City of Philadelphia, 32 F.3d 785, 790 (3d. Cir. 1994). The O'Neill court explained that:

> It is well-settled that, for Younger
> purposes, the State's trial-and-appeals
> process is treated as a unitary system,
> and for a federal court to disrupt its
> integrity by intervening in midprocess
> would demonstrate a lack of respect for
> the State as sovereign. Thus, a necessary
> concomitant of Younger is that a party
> wishing to contest in federal court the
> judgment of a state judicial tribunal
> must exhaust his state appellate remedies
> before seeking relief in the District
> Court.

> Id. at 790. (quotation marks, brackets and
> citations omitted).

The O'Neill court held that:

> [S]tate proceedings remain "pending," within
> the meaning of Younger abstention, in cases .
> . . where a coercive administrative proceeding

23

has been initiated by the State in a state forum, where adequate state-court judicial review of the administrative determination is available to the federal claimants, and where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action.

Id. at 791.

The Younger abstention doctrine is directly applicable in this matter. Here, Plaintiff has an ongoing state court proceeding pending in the Superior Court, Appellate Division, in which she has raised identical issues and claims. Indeed, Plaintiff filed her Appellate Brief in that matter on the same date that she filed this federal lawsuit. (See Defendants' Cert., Ex. A). It is abundantly clear in Plaintiff's Appellate Brief that she has already raised the same constitutional issues in the New Jersey state courts, namely that the New Jersey State Policy Prohibiting Discrimination in the Workplace is unconstitutional, and that all disciplinary actions against her related to violation of the Policy (including the non-teaching assignment) violated her free speech, due process rights, and the New Jersey Teacher Tenure Act. Ibid. Plaintiff's appeal in state court was filed before the instant federal court matter, and is presently pending.

Plaintiff herself readily acknowledges that, "[t]he legality and constitutionality of the above disciplinary actions are the subjects of the pending consolidated appeal before the New Jersey Superior Court, Appellate Division." (Complaint at ¶ 26). While Plaintiff's appeal in the Appellate Division does not include reference to her second non-teaching assignment, Plaintiff is undoubtedly able to adequately raise this issue in the Appellate Division, just as she has already raised the issue of her first non-teaching assignment. To that end, under O'Neill, Plaintiff has failed to exhaust her state court remedies regarding the second non-teaching assignment.

Plaintiff is seeking to inject this court into an ongoing, pending state court proceeding in which she has raised identical constitutional claims. This is clearly improper under Younger. Accordingly, it is respectfully requested that this Court abstain and dismiss Plaintiff's complaint with prejudice.

<u>CONCLUSION</u>

For all the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:  /s/ Rimma Razhba_____
Rimma Razhba
Deputy Attorney General


DATED: January 31, 2020