UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVIDA SCHUMAN**<br><br>Plaintiff,<br><br>v.<br><br>**KEAN UNIVERSITY**, *et al.*,<br><br>Defendants. | Civ. No.: 2:19-cv-20413<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Plaintiff alleges, among other things, that the New Jersey State Policy Prohibiting Discrimination in the Workplace is unconstitutional. Before the Court is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim, ECF No. 4. Because the Plaintiff appealed the university's enforcement proceeding against her in New Jersey Superior Court, Appellate Division on the same date she filed this suit and that appeal is ongoing, the Court must abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). For this reason, Defendants' motion is **GRANTED**.

**I.    BACKGROUND[1]**

Plaintiff Davida Schuman is a professor at Kean University. Compl. ¶ 4, ECF No. 1. In August 2018, after an internal affairs investigation of a complaint filed against Schuman by another Kean professor was concluded, Kean issued a final determination that Plaintiff violated the New Jersey State Policy Prohibiting Discrimination in the Workplace. *Id.* at ¶¶ 12, 16, 17.

Plaintiff filed an appeal of the final determination with the New Jersey Civil Service Commission ("CSC"). *Id*. at ¶ 18. On October 1, 2018, the Civil Service Commission dismissed the appeal based on lack of jurisdiction. *Id.* at ¶ 19. On November 1, 2018, Plaintiff filed a motion for reconsideration of the CSC's decision, which was denied on or about January 2, 2019. *Id.* at ¶¶ 20, 21. On January 14, 2019, Kean assigned Plaintiff to a

---

[1] The facts alleged in the Complaints, ECF Nos. 1, are accepted as true for the purposes of this Opinion. The Court also considers matters of public record and documents incorporated into the AC. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

nonteaching assignment for the Spring 2019 semester. *Id.* at ¶ 22. On January 15, 2019, Kean's Director of Human Resources issued a letter to Plaintiff disciplining her for violation of the Policy and for conduct unbecoming. *Id.* at ¶ 23. Plaintiff's discipline consisted of an official written reprimand and mandatory completion of an Affirmative Action program training. *Id.*

Plaintiff subsequently filed two appeals with the Superior Court of New Jersey, Appellate Division, which were both consolidated and are presently pending.[2] Defs.' Motion, Ex. A. In August 2019, Kean assigned Plaintiff to a nonteaching assignment for the Fall 2019 semester. Compl. ¶ 32. Plaintiff alleges that the second non-teaching assignment also violated her procedural and substantive due process rights. *Id.* at 59. Plaintiff filed her Appellate Brief with the Appellate Division on November 18, 2019. Defs.' Mot., Ex. A. On the same date that Plaintiff filed her Appellate Brief, Plaintiff filed her complaint in this Court. Plaintiff alleges in this lawsuit and in her ongoing state appeal that the New Jersey Policy Prohibiting Discrimination is facially unconstitutional under the First Amendment free speech clause. Compl. Count I. Plaintiff also alleges in this suit and in her state court action that Defendants violated her procedural due process rights under the Fourteenth Amendment by assigning her to non-teaching assignments and by denying her an opportunity for a hearing to defend herself. Compl. Count II. Plaintiff further alleges in this suit and in her state court action that Kean's assignment of the non-teaching assignments violated her substantive due process rights under the Fourteenth Amendment and her procedural due process rights under the New Jersey Teacher Tenure Act. Compl. Counts III and IV.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

---

[2] The first appeal is from the decision of the New Jersey Civil Service Commission stating that it lacked jurisdiction over the matter. Defs.' Mot. Ex. A at 4-5. The second appeal is from Kean University's later decision of January 2019 assigning Plaintiff to a non-teaching assignment.

### III.    DISCUSSION

Defendants invoke *Younger v. Harris*, 401 U.S. 37 (1971) and argue that this Court should abstain from exercising jurisdiction over this matter because of Plaintiff's ongoing state court proceeding in the New Jersey Superior Court, Appellate Division, in which Plaintiff raises identical issues and claims.  The Court concludes that Plaintiff's ongoing state court proceeding deprives this Court of jurisdiction pursuant to *Younger* and its progeny.

"To promote comity between the national and state governments, *Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings."  *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)).  "In *Sprint*, the Supreme Court underscored that *Younger* abstention conflicts with federal courts' 'virtually unflagging' obligation to exercise their jurisdiction."  *Malhan*, 938 F.3d at 462 (quoting *Sprint*, 571 U.S. at 77).  *Younger* applies to only "three exceptional categories" of proceedings: (1) "ongoing state criminal prosecutions"; (2) "certain 'civil enforcement proceedings'"; and (3) "pending 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint*, 571 U.S. at 78-79 (internal citation omitted).

*Sprint*'s first and third categories do not apply here.  Plaintiff's claims do not involve a criminal prosecution.  This case, however, qualifies as a civil enforcement proceeding of the sort described in *Sprint*.  These types of civil enforcement proceedings "are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act."  *Sprint*, 571 U.S. at 79.  In her ongoing state court proceeding, Plaintiff seeks to challenge her alleged violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace, which a state institution intends to enforce to sanction alleged wrongful conduct.  The Supreme Court has extended *Younger* to the following ongoing civil enforcement proceedings: (1) state-initiated administrative proceedings to enforce state civil rights laws, *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); (2) state-initiated proceedings to gain custody of children allegedly abused by their parents, *Moore v. Sims*, 442 U.S. 415, 419-20 (1979); (3) civil proceeding "brought by the state in its sovereign capacity" to recover welfare payments defendants had allegedly obtained by fraud, *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); (4) state-initiated proceeding to enforce obscenity laws, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); (5) state-initiated disciplinary proceedings against a lawyer for violation of state ethics rules, *Middlesex v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982).  The Court finds that this case fits within this universe of cases.  The disciplinary proceeding against Plaintiff in this matter is closer to the state proceeding in *Gonzales v. Waterfront Commission of New York Harbor*, 755 F.3d 176, 182 (3d Cir. 2014), wherein

3

the Commission initiated an administrative disciplinary hearing to sanction Plaintiff for conduct the State deemed contemptible, than the state proceeding in *ACRA Turf Club v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014), wherein there was no evidence that the proceeding was commenced to sanction Plaintiff for some wrongful act.

The parties to this matter contest both whether Kean University qualifies as the state for purposes of the Eleventh Amendment and whether it is a person amendable to suit under 42 U.S.C. § 1983. In deciding that the ongoing employment disciplinary proceeding against Plaintiff deprives this Court of jurisdiction pursuant to *Younger*, the Court does not resolve these questions. For *Younger* purposes, it is sufficient that Kean University, a public university of the State of New Jersey, seeks to impose disciplinary consequences pursuant to the New Jersey Policy Prohibiting Discrimination in the Workplace. *See* N.J. Admin. Code § 4A;7-3.1 (providing that "the State and its agencies reserve the right to take either disciplinary action . . . or other correction action, to address any unacceptable conduct that violates this policy . . .").

The Court must lastly consider whether the three *Middlesex* factors are satisfied. *See Sprint*, 571 U.S. at 81 (noting that, after concluding a state proceeding is quasi-criminal, the three *Middlesex* conditions are "additional factors appropriately considered by the federal court before invoking *Younger* "). These factors include: (1) whether there is an ongoing state proceeding that was judicial in nature; (2) whether that proceeding implicates important state interests; and (3) whether the state proceeding provides an adequate opportunity for Gonzalez to raise his federal claims. Because each of these factors is satisfied in this case, abstention is the proper course. The following facts show that the ongoing state proceeding is judicial in nature: (1) as part of the initial investigation, Plaintiff, with assistance of counsel, submitted a statement and was interviewed by Kean University officials, Defs.' Mot., Ex. A at 8; (2) the University's disciplinary determination was appealed to the CSC; and (3) the University's disciplinary determination was appealed to an undeniably judicial forum—the New Jersey Superior Court, Appellate Division—where it remains pending. The state proceeding constitutes an attempt to vindicate important state interests, namely enforcing its policy prohibiting discrimination in the workplace. Lastly, that the state proceeding offers an adequate opportunity for Plaintiff to raise her constitutional claims is evidenced by the fact that Plaintiff already has. *See* Defs.' Mot., Ex. A.

## IV. CONCLUSION

Because Plaintiff filed an appeal of the university enforcement proceeding against her in New Jersey Superior Court, Appellate Division that is ongoing, the Court must abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). For this reason, Defendants' motion is **GRANTED**.

**Dated: June 24, 2020**

                                                             */s/ William J. Martini*
                                                  **WILLIAM J. MARTINI, U.S.D.J.**