# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVIDA SCHUMAN**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**KEAN UNIVERSITY**, *et al.*,<br><br>　　　　Defendants. | Civ. No.: 2:19-cv-20413<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　In this action, Plaintiff alleges, among other things, that the New Jersey State Policy Prohibiting Discrimination in the Workplace is unconstitutional. Before the Court is Plaintiff's motion for reconsideration of its order dismissing Plaintiff's Complaint on the basis of *Younger* abstention. For the reasons stated below, Plaintiff's motion is **GRANTED**.

## I.   BACKGROUND

　　The Court assumes the parties' familiarity with the facts of this case and so sets forth a briefer summary. On August 27, 2018, Kean University issued to Plaintiff a "Final Determination" letter sustaining two of the charges of violating the New Jersey State Policy Prohibiting Discrimination in the Workplace without any disciplinary recommendation. Plaintiff appealed this decision to the Civil Service Commission, which ultimately denied her motion for reconsideration on January 2, 2019. Following this "final agency action," Plaintiff was assigned to a non-teaching assignment and was required to complete an Affirmative Action Programs training delivered by the American Conference on Diversity, contrary to the Final Determination letter. On February 15, 2019, Plaintiff filed an appeal of the denial of her motion for reconsideration to the Superior Court of New Jersey Appellate Division. In that appeal, Plaintiff argues that the policy she is charge with violating is unconstitutional because it violated the First Amendment and that the Commission's rejection of her appeal violates the Equal Protection Clause of the Fourteenth Amendment.

　　After a semester of non-teaching assignments and having completed her confidential affirmative action training, counsel for Kean contacted Plaintiff's union

representative about giving Plaintiff a second non-teaching assignment and discussing the confidential affirmative action training Plaintiff participated in. Plaintiff refused to sign the enclosed release, meant to allow Kean to divulge confidential information to the Union. Counsel for Kean eventually informed the Union representative that the University intended to impose a second non-teaching assignment for the upcoming semester, not based on a violation of the policy that served as the basis for the initiation of disciplinary measures, but on the basis of the results of the diversity training indicating that Plaintiff could not be expected to comply with New Jersey's anti-discrimination policy.

## I. STANDARD OF REVIEW

A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

## II. DISCUSSION

Plaintiff emphasizes in her motion for reconsideration that the lawsuit before this Court is based exclusively upon the second non-teaching assignment. The matter pending before the New Jersey Appellate Division concerns only the Final Determination letter, which resulted in her first non-teaching assignment and resulted in a final agency action by the Civil Service Commission. The Court premised its decision to abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), on the basis that "the Commission initiated an administrative disciplinary hearing to sanction Plaintiff for conduct the State deemed contemptible." That descriptor applies to the proceeding levied against that is the subject of an appeal before the New Jersey Superior Court. But the proceeding related to Plaintiff's second non-teaching assignment is wholly different—mainly because it is not a proceeding at all, but, as Plaintiff alleges, merely a sanction without process. The first of the *Middlesex* factors the Court considered in its initial opinion is "whether there is an ongoing state proceeding that was judicial nature." As Plaintiff states in her reply brief:

Plaintiff was able to seek appellate review of the first non-teaching assignment because she had an agency decision from which to appeal—the Civil Service Commission's dismissal of her appeal on the purported basis that it did not have jurisdiction. There was, however, no comparable decision by the Commission regarding Plaintiff's second non-teaching assignment

2

> from which to appeal because Kean did not claim that Plaintiff had violated the Policy to justify imposing the second non-teaching assignment; there was no route by which Plaintiff could vest jurisdiction in the state appeals court.

Pl.'s Reply, 7, ECF No. 21.

The Court is persuaded that it is inappropriate to abstain on the basis of *Younger* in this matter. Plaintiff states that in both her state appeal and her federal lawsuit, Defendant argues that the policy central to both cases is unconstitutional. Def.'s Opp., 5-6, ECF No. 20. Abstention, however, is the exception and not the rule. "[T]he federal courts' obligation to adjudicate claims within their jurisdiction [is] 'virtually unflagging.'" *Marks v. Stinson*, 19 F.3d 873, 881 (3d Cir. 1994) (citing *New Orleans Pub. Serv.*, 491 U.S. 350, 359 (1989)). Although *Younger* abstention is founded on notions of comity, "the [mere] pendency of an action in state court is no bar to proceedings concerning the same subject matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). "The presence of two parallel suits . . . does not run afoul of *Younger.*" *Schall v. Joyce,* 885 F.2d 101, 112 (3d Cir.1989). This is true even in cases where there exists a "potential for conflict in the results of adjudications." *Colorado River,* 424 U.S. 800, 816 (1976).

### III.   CONCLUSION

For these reasons, Plaintiff's motion for reconsideration is **GRANTED**. The Court's Order of June 24, 2020 granting Defendant's motion to dismiss is **VACATED**. An appropriate order follows.

**Date: November \_\_\_, 2020**

**WILLIAM J. MARTINI, U.S.D.J.**