UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVIDA SCHUMAN<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEAN UNIVERSITY, *et al.*,<br><br>　　　　　Defendants. | Civ. No.: 2:19-cv-20413<br><br>**AMENDED OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　In this action, Plaintiff alleges, among other things, that the New Jersey State Policy Prohibiting Discrimination in the Workplace is unconstitutional. Before the Court is Plaintiff's motion for reconsideration of its order dismissing Plaintiff's Complaint on the basis of *Younger* abstention. For the reasons stated below, Plaintiff's motion is **DENIED**.

**I.　　BACKGROUND**

　　The Court assumes the parties' familiarity with the facts of this case and so sets forth a briefer summary. On August 27, 2018, Kean University issued to Plaintiff a "Final Determination" letter sustaining two of the charges of violating the New Jersey State Policy Prohibiting Discrimination in the Workplace without any disciplinary recommendation. Plaintiff appealed this decision to the Civil Service Commission, which ultimately denied her motion for reconsideration on January 2, 2019. Following this "final agency action," Plaintiff was assigned to a non-teaching assignment and was required to complete an Affirmative Action Programs training delivered by the American Conference on Diversity, contrary to the Final Determination letter. On February 15, 2019, Plaintiff filed an appeal of the denial of her motion for reconsideration to the Superior Court of New Jersey Appellate Division. In that appeal, Plaintiff argues that the policy she is charge with violating is unconstitutional because it violated the First Amendment and that the Commission's rejection of her appeal violates the Equal Protection Clause of the Fourteenth Amendment.

　　After a semester of non-teaching assignments and having completed her confidential affirmative action training, counsel for Kean contacted Plaintiff's union representative about giving Plaintiff a second non-teaching assignment and discussing the

confidential affirmative action training Plaintiff participated in. Plaintiff refused to sign the enclosed release, meant to allow Kean to divulge confidential information to the Union. Counsel for Kean eventually informed the Union representative that the University intended to impose a second non-teaching assignment for the upcoming semester, not based on a violation of the policy that served as the basis for the initiation of disciplinary measures, but on the basis of the results of the diversity training indicating that Plaintiff could not be expected to comply with New Jersey's anti-discrimination policy.

## I.   STANDARD OF REVIEW

A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

## II.   DISCUSSION

Plaintiff emphasizes in her motion for reconsideration that the lawsuit before this Court is based exclusively upon the second non-teaching assignment. The matter pending before the New Jersey Appellate Division concerns only the Final Determination letter, which resulted in her first non-teaching assignment and resulted in a final agency action by the Civil Service Commission. The Court premised its decision to abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), on the basis that "the Commission initiated an administrative disciplinary hearing to sanction Plaintiff for conduct the State deemed contemptible." The Court accepts that "[t]here was . . . no comparable decision by the Commission regarding Plaintiff's second non-teaching assignment from which to appeal because Kean did not claim that Plaintiff had violated the Policy to justify imposing the second non-teaching assignment." However, the Court finds that the imposition of the second non-teaching assignment is inherently intertwined with and a consequence of the ongoing state effort to sanction the Plaintiff. But for Plaintiff's participation in the Affirmative Action Program—a sanction imposed by the University and basis for the current pending state appeal—Plaintiff would not have received a second non-teaching assignment. Plaintiff alleges in both her state appeal and her federal lawsuit that the underlying policy is unconstitutional. A decision on the merits in her ongoing state court claim would resolve her claims stemming from receiving a second non-teaching assignment.

## III. CONCLUSION

For these reasons, Plaintiff's motion for reconsideration is **DENIED**. An appropriate order follows.

**Date: December** 10**, 2020**

                                         */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**